No. 22,397.

HENRY PHILLIPPS, *Appellee*, v. THE SOUTHWEST MISSOURI RAILROAD COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

1. CONDEMNATION PROCEEDINGS — *Damages—Evidence—Findings*. The evidence examined, and held to support the findings, verdict, and judgment.

2. SAME—*View of Premises by Jury*. Assuming, which the record does not show, that the court refused to send the jury to view the premises, it is held that no substantial error resulted from such refusal.

3. SAME—*Instructions*. An element claimed to have been wanting in one of the instructions was contained in another, and the charge taken as a whole correctly stated the law.

4. SAME—*New Trial*. The denial of a new trial was not error.

Appeal from Cherokee district court; JAMES N. DUNBAR, judge. Opinion filed March 6, 1920. Affirmed.

*Edward E. Sapp*, and *A. S. Wilson*, both of Galena, for the appellant.

*E. B. Morgan*, of Galena, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff appealed from the amount allowed by commissioners appointed by the judge of the district court to condemn a railroad right of way through a ten-acre piece of land owned by him. The right of way was so laid out that it left a little less than five acres north of it and a little over four acres south of it. The tract was partly timber and partly farming land and had some drilling extending to over eighty feet. The commissioners allowed $75 for the land taken and $25 damages, making $100. The jury allowed $250 for the land taken and $600 for damages to the rest, making $850.

The defendant appeals and assigns as error the overruling of the motion for a new trial, abuse of discretion in refusing to send the jury to view the premises, and instructing the jury to allow such sum as would fully compensate the plaintiff for all damages to the land sustained without limiting such damages to the market value.

Phillipps v. Railroad Co.

Counsel in his brief says the verdict was given through passion and prejudice, and was wholly. contrary to the evidence. As these grounds were set forth in the motion for a new trial, they are proper to be considered now.

The plaintiff and ten other witnesses were examined, the former testifying that the ten acres were worth $2,000 before the road was built, and about $500 afterwards. One of his witnesses thought it was worth $250 an acre before, and nothing afterwards. Another estimated that it was worth $200 an acre before condemnation, having regarded only its mineral value. Another put it at $2,000 before condemnation, and $1,500 afterwards. Another thought the mining and farming value before condemnation "would be somewhere in the neighborhood of $150" an acre. He thought it was worth $75 an acre for farming purposes. Another put the figures at $2,000 and $1,000, respectively.

For the defendant, one witness, who had been one of the appraisers, thought the land was worth about $100 an acre both before and after building the road, but that the plaintiff· should have $100 damages for land taken on account of the mineral character. Another thought the tract was worth about the same after building the road as before. Another, who had bought considerable land in the vicinity, deemed the speculative value of the land about $100 an acre.

It will be seen from the foregoing that the jury had abundant room and justification for the verdict returned by them.

Special questions were answered to the effect that outside of the roadbed about three and one-half acres of the tract was in cultivation; that the cultivated land was fertile, but the remainder fit only for pasture or mining; that items going to make up the damages were:

"The railroad running through the land from one side to the other, makes it very inconvenient to use for any purpose. The plaintiff has almost entirely lost the use of land south of the railroad. For mining purposes, it is almost ruined."

Complaint is made that the court refused to send the jury to view the premises. The record contains no evidence or hint of any such request having been made, but as opposing counsel seems to concede that it was made, it may be observed that there is nothing in the record indicating that any prejudice arose from this refusal.

An instruction complained of was that if the jury should find any damages due the plaintiff they were to allow him such an amount as would fully compensate him for all damages to the land sustained, without telling them to take into consideration any benefits that might arise from the building of the road. This is said to be too favorable to the plaintiff, because of the failure to advise the jury that only an easement was taken, not the title in fee simple. But the jury were told in another instruction that the appropriation of the right of way created an easement in the railroad company to use the surface of the land, the real fee still belonging to the plaintiff, subject to the rights of the railroad to use the surface. The defendant offered no different instruction, and those given, taken together, correctly stated the law.

No reason appears why a new trial should have been granted, and the three assignments of error are deemed to be insufficient to work a reversal.

The judgment is affirmed.